UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEAN MARIE PIPKIN,

    Plaintiff,

v.                                  Case No:    6:15-cv-156-Orl-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Jean Marie Pipkin, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed legal memoranda in support of their positions. Plaintiff also filed a reply to Defendant's memorandum and Defendant filed a response to Plaintiff's reply.  After review of the record and the parties' filings, the Court finds that the decision of the Commissioner is due to be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §§ 1520(a)(4)(iv), 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d at 1278 n.2.

### C. Procedural History

Plaintiff protectively filed applications for a period of disability, DIB, and SSI on September 23, 2011, alleging disability beginning December 20, 2003. (Tr. 12, 216, 234-35). Plaintiff's applications were denied initially on November 23, 2011, and upon reconsideration on December 22, 2011. (Tr. 142-46, 148-53, 155-59, 161-65). Plaintiff requested a hearing and, on December 10, 2012, a hearing was held before Administrative Law Judge Janet Mahon (the "ALJ"). (Tr. 60-91, 167). On January 25, 2013, the ALJ entered a decision finding that Plaintiff is not disabled. (Tr. 9-20). Plaintiff requested review of the ALJ's decision and the Appeals Council granted plaintiff request on December 5, 2014. (Tr. 1-8). The Appeals Council adopted the ALJ's findings of facts and conclusions of law, except that the Appeal Council found that Plaintiff is not disabled at step five of the sequential evaluation because she can perform the jobs of call-out operator and system surveillance monitor as opposed to the lens inserter, stuffer, and addresser jobs the ALJ found Plaintiff could perform. (Tr. 4-6). The Appeals Council decision is the final decision of the Commissioner. Plaintiff initiated the instant action by Complaint (Doc. 1) filed on February 2, 2015.

### D. Summary of the Administrative Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 30, 2003, the alleged onset date. (Tr. 14). At step two, the ALJ found that Plaintiff has the following severe impairments: bipolar disorder, NOS; cannabis abuse; histrionic personality traits; adjustment disorder; degenerative disc disease ("DDD") of the lumbar spine; and osteoarthritis ("OA"). (Tr. 14). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14-15).

Before proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to

> perform sedentary works as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can lift and carry up to ten pounds occasionally. She can stand for two hours, walk for two hours, and sit for six hours in an eight-hour day. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. She can never climb ropes, ladders, or scaffolds. The claimant can occasionally grip and handle. She is limited to simple, routine tasks, and occasional contact with the public and coworkers.

(Tr. 15-16). At step four, the ALJ found that Plaintiff could not perform her past relevant work as an administrative clerk. (Tr. 19).

At step five, the ALJ relied upon the testimony of a VE to find that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform given her age, education, work experience, and RFC. (Tr. 19). Specifically, the ALJ found that Plaintiff could perform such occupations as lens inserter, addresser, and stuffer. (Tr. 19). Based on this finding, the ALJ concluded that Plaintiff was not been under a disability from December 30, 2003, through the date of the ALJ's decision, January 25, 2011. (Tr. 20).

As noted above, Plaintiff requested review of the ALJ's decision. The Appeals Council explained that it disagreed with the ALJ's finding that Plaintiff could perform the jobs of lens inserter, addresser, and stuffer. The Appeals Council, however, found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform given her age, education, work experience, and RFC, specifically the jobs of call out operator and surveillance system monitor. (Tr. 6). For this reason, the Appeals Council found that Plaintiff is not disabled.

## II. Analysis

Plaintiff raises four issues on appeal: (1) whether substantial evidence supports the ALJ's credibility finding; (2) whether the ALJ erred by relying on vocational expert testimony elicited in response to a hypothetical question that did not fully account for Plaintiff's limitations; (3) whether remand is appropriate for further clarification of the ALJ's step five findings; and (4) whether this case should be remanded pursuant to Sentence Six for the Commissioner to consider new and material evidence. The Court will address each issue in turn.

### a. Whether substantial evidence supports the ALJ's credibility finding.

Plaintiff argues that the ALJ erred by failing to properly assess Plaintiff's credibility. (Doc. 24 p. 13). Specifically, Plaintiff contends that the ALJ was incorrect to find that Plaintiff's testimony was inconsistent with Dr. Perdomo's opinion that Plaintiff could handle sedentary work. (Doc. 24 p. 14). Plaintiff argues that the ALJ improperly suggested that Plaintiff's complaints of diffuse pain were not credible because her ANA and rheumatoid arthritis fact testers were negative, given that the record included alternative diagnoses that explain Plaintiff's aches and pains such as chronic pain syndrome and possible fibromyalgia. (Doc. 24 p. 14). Further, Plaintiff contends that the ALJ's observation that Plaintiff had shown improvement in her overall pain levels with regular treatment overlooked the fact that Plaintiff had limited insurance and could not afford to

pay for her medications. (Doc. 24 p. 15). Finally, Plaintiff argues that Plaintiff's daily activities are more consistent with disability than with sedentary work as the ALJ found. (Doc. 24 p. 15).

In response, Defendant contends that the ALJ properly evaluated Plaintiff's subjective allegations and credibility pursuant to the relevant legal standard. (Doc. 25 p. 3). Defendant argues that while Plaintiff argues the ALJ overlooked a few pieces of the evidence supporting Plaintiff's claim, the record shows that the ALJ carefully considered all of the evidence. (Doc. 25 p. 5-11).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 Fed. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. [citations omitted] Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225. "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)). The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are: "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5)

treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno v. Astrue*, 366 Fed. App'x. at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

Here, the Court finds that Plaintiff has failed to show that the ALJ erred in finding Plaintiff's statements concerning the intensity, persistence and limiting effects of her impairments were not entirely credible. In her decision, the ALJ explained her credibility finding at length. Contrary to Plaintiff's argument, the Court finds that the ALJ did not improperly rely on the opinion of Dr. Perdomo in finding Plaintiff not entirely credible. The record shows that Alex Perdomo, M.D., performed a consultative examination of Plaintiff in November 2011. (Tr. 504-07). Dr. Perdomo found that Plaintiff walked with a slight limp due to a fused right ankle, and had a deformity on the right ankle fused in a plantar, flexed position. (Tr. 505-06). Dr. Perdomo found that Plaintiff was unable to squat or stand on her heels or toes due to ankle pain. (Tr. 506). In addition, Dr. Perdomo found that Plaintiff had full range of motion of upper extremities although painful bilateral hand movement seen with gripping maneuvers. (Tr. 506). Dr. Perdomo found no deformities with mild tenderness over Plaintiff's lumbar paraspinal muscles, full range of motion of the cervical spine and thoracolumbar spine decreased with flexion and extension. (Tr. 506). Dr. Perdomo also found that Plaintiff had normal coordination, station, sensation, motor functioning, and deep tendon reflexes, and that Plaintiff had no neurological gait deficits. (Tr. 506).

Dr. Perdomo diagnosed Plaintiff with a history of chronic right ankle pain; posttraumatic osteoarthritis of the right ankle; chronic lower back pain; history of left heel pain; obesity; anxiety; depression; and insomnia. (Tr. 506). Dr. Perdomo opined that despite these conditions Plaintiff can stand and walk for two to three hours a day in an eight-hour workday with normal breaks; can

sit for eight hours a day in an eight-hour workday with normal breaks; can occasionally lift and carry, but should limit the weight lifting to no more than 10-15 pounds to minimize mechanical weightbearing injury on her right ankle and lower back; should avoid repetitive bending, stooping, crouching, squatting or kneeling; does not need an assistive device for ambulation; and should avoid repetitive use of the hands including gripping maneuvers due to painful bilateral hand movements. (Tr. 506-07).

In his decision, the ALJ accorded Dr. Perdomo's opinion considerable weight because it was consistent with his exam findings and other evidence of record. (Tr. 17). The ALJ noted that Dr. Perdomo based his opinion on his objective findings, and concluded that the opinion supports the RFC finding for sedentary work. (Tr. 17). The ALJ's finding was supported by substantial evidence and it was not improper for the ALJ to rely on this opinion in finding Plaintiff's testimony concerning the extent of her symptoms not entirely credible.

Further, the Court finds no error in the ALJ's observation that Plaintiff's antinuclear antibody ("ANA") testing and rheumatoid arthritis factor results were negative. (Tr. 17-18). Plaintiff contends that the ALJ improperly relied on these negative tests to find that Plaintiff was not entirely credible, and that alternative diagnoses for chronic pain syndrome and fibromyalgia may explain her pain. The ALJ's credibility finding, however, was not based solely on this fact, but on the record as a whole. In fact, the ALJ acknowledged Plaintiff's diagnosis of probable fibromyalgia and chronic pain syndrome, but nevertheless found that Plaintiff's complaints were not entirely credible. (Tr. 17). The ALJ did not find that Plaintiff's probable fibromyalgia and chronic pain syndrome were severe impairments at step two, a finding that Plaintiff does not challenge.

In addition, the ALJ noted that Plaintiff is able to drive her children to and from school, attend extracurricular activities such as football games, beauty pageants, and band concerts, play cards at a local restaurant and with her mother, shop as needed, and prepare simple meals and household chores. (Tr. 15, 18). The ALJ properly evaluated Plaintiff's activities of daily living. *See Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987) (the ALJ may consider evidence regarding a claimant's activities of daily living). The Court finds no error in the ALJ's treatment of Plaintiff's activities of daily living and the ALJ's finding that these activities are consistent with a range of sedentary work.

Further, the Court finds no error in the ALJ's treatment of Plaintiff's lack of insurance. The ALJ acknowledged that Plaintiff is unable to take medications due to lack of insurance, but nevertheless found that despite her impairments, she is able to perform her activities of daily living that are consistent with a range of sedentary work. Neither does the Court find the fact that the ALJ did not cite to all of the evidence in the record as warranting remand. There is no rigid requirement that the ALJ specifically refer to every piece of evidence so long as the ALJ considers the claimant's condition as a whole and substantial evidence supports the ALJ's conclusions. *See Foote v. Chater*, 67 F.3d 1553, 1661 (11th Cir. 1995).

Substantial evidence supports the ALJ's finding that Plaintiff was not entirely credible. Accordingly, the Court will affirm the ALJ's credibility finding.

**b. Whether the ALJ erred by relying on vocational expert testimony elicited in response to a hypothetical question that did not fully account for Plaintiff's limitations.**

Plaintiff contends that the ALJ erred by failing to include in his hypothetical question to the VE any mental restrictions that would accommodate the ALJ's Step 3 finding that Plaintiff has moderate difficulties in concentration, persistence or pace. (Doc. 24 p. 16). Defendant responds

that the ALJ implicitly incorporated the moderate limitations in concentration, persistence, or pace into his hypothetical question to the VE by specifying that the VE was to assume an individual who "is limited to only simple, routine tasks" and only "occasional interaction with the public and with co-workers." (Doc. 25 p. 18-19).

In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180, the Eleventh Circuit explained "that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 631 F.3d at 1180. If, however, the evidence shows that a claimant's ability to work is unaffected by the limitation or the limitation is implicitly accounted for in the hypothetical, remand is inappropriate. *Winschel*, 631 F.3d at 1181.

In this case, the ALJ implicitly accounted for any limitation Plaintiff may have had in concentration, persistence, or pace by discussing evidence showing that Plaintiff is able to perform simple, routine, unskilled work despite her limitations. In his decision, the ALJ accorded considerable weight to the opinions of the state agency psychologists Drs. Cormier and Krik who opined, respectively, that Plaintiff: appears capable of sustaining concentration and persistence to perform at least simple tasks on a sustained basis; and appears capable of completing routine mental tasks and make simple work related decisions without special supervision. (Tr. 111, 127). In addition, Dr. Fleishmann did not indicate any limitations in Plaintiff's ability to concentrate that precluded her from performing simple, routine, unskilled work. (Tr. 509-11). In his RFC analysis, the ALJ pointed out that despite Plaintiff's impairments, she is able to perform a full range of activities of daily living, including shopping, preparing basic meals, household chores, attending Texas Hold'em games weekly, playing cards with her mother weekly, and attending extracurricular activities for her children. (Tr. 18).

The ALJ's hypothetical question asked the VE to assume a person who is "limited to only simple, routine tasks" and only "occasional interaction with the public and with co-workers." (Doc. 85-86).  Given the ALJ's discussion of the evidence showing Plaintiff maintained the capability of sustaining concentration and persistence to perform at least simple tasks, the Court finds that the ALJ implicitly accounted for the ALJ's Step 3 finding that that Plaintiff had moderate limitations in concentration, persistence, or pace.  The hypothetical question posed to the vocational expert accounted for Plaintiff's limitations and, therefore, the vocational expert's testimony constituted substantial evidence.  Accordingly, the Court will affirm on this issue.

### c. Whether remand is appropriate for further clarification of the ALJ's step five findings.

Plaintiff argues that this case should be remanded for the ALJ to resolve an inconsistency between the VE's testimony and the DOT.  Specifically, Plaintiff contends that the jobs identified by the VE, i.e., surveillance system monitor and call-out operator, require a reasoning level of 3, which means the employee must be able to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variable in or from standardized situations." (Doc. 24 p. 18) *quoting* DOT, App'x C.  According to Plaintiff, because she is limited to repetitive tasks, she cannot make decisions that require her to weigh several different variables.  (Doc. 24 p. 18).  In response, Defendant argues that no conflict exists between a limitation to simple, routine tasks and a DOT reasoning level of 3.

Here, the Court finds that there is no apparent conflict between the VE's testimony that Plaintiff could perform the job of surveillance system monitor and call-out operator and the DOT.  The Eleventh Circuit and other circuits have held that no conflict exists between a limitation to simple, routine tasks and a DOT reasoning level of 3.  *See Hurtado v. Comm'r of Soc. Sec.*, 425 F.

App'x 793, 795-96 (11th Cir. 2011); *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009); *Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007). Even assuming that there is an inconsistency between the VE's testimony and the DOT, the ALJ did not err by relying on the VE's testimony because, as the Eleventh Circuit noted in *Hurtado*, the VE's testimony trumps any inconsistent provision in the DOT. *Hurtado*, 425 F. App'x at 796. At the administrative hearing the ALJ asked the VE whether her testimony was consistent with the DOT and the VE testified that it was, except that she based her testimony regarding occasional interaction with co-workers and the public on her vocational rehabilitation experience rather than the DOT. (Tr. 86-87, 89). The ALJ resolved all conflicts between the VE's testimony and the DOT. Accordingly, the Court does not find it appropriate to remand this case for the ALJ to make additional findings at Step 5 as Plaintiff requests.

      **d. Whether this case should be remanded pursuant to Sentence Six for the Commissioner to consider new and material evidence.**

Plaintiff argues that this case should be remanded pursuant to Sentence Six of 42 U.S.C. § 405(g) so that the ALJ can consider the opinion from Plaintiff neurologist, Dr. Zaman. (Doc. 24 p. 23). Plaintiff contends that Dr. Zaman's opinion is new, material, and chronologically relevant. (Doc. 24 p. 23). In addition, Plaintiff argues that there is good cause for her failure to submit Dr. Zaman's opinion during the administrative proceeding because Plaintiff had financial issues and was not able to afford specialized care at the time. (Doc. 24 p. 23). Defendant argues that the even assuming that a Dr. Zaman completed the opinion form, Plaintiff failed to carry her burden of showing that the additional evidence warranted remand. (Doc. 25 p. 11).

Sentence six provides, in relevant part, "[t]he court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate

such evidence into the record in a prior proceeding . . ." 42 U.S.C. § 405(g). "A sentence-six remand is warranted even in the absence of any error by the Commissioner if new, material evidence becomes available to a claimant, and the claimant could not have presented that evidence at his original hearing." *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996). New evidence is material when the evidence might have changed the results of the administrative proceedings if it had been considered. *See Ingram v. Comm'r Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007).

In this case, the Court agrees with Defendant that Plaintiff has failed to carry her burden of establishing that remand pursuant to sentence six is necessary. The document attached to Plaintiff's memorandum of law is dated August 17, 2015, approximately thirty-one months after the period considered by the ALJ and the Appeals Council, i.e., the period through the date of the ALJ's decision dated January 25, 2013. Dr. Zaman's opinion does not state the time period for which it applies and, thus, the Court cannot find the opinion chronologically relevant. Plaintiff contends that the document is chronologically relevant because the conclusions of Dr. Zaman were based on Plaintiff's ankle injury and her diffuse aches and pains, which were present during the relevant time period. The fact that Dr. Zaman's opinion is based on these conditions, however, does not mean that his opinions and findings relate back to Plaintiff's RFC on or before the ALJ's decision. Even assuming the opinion documents a worsening of Plaintiff's condition, the opinion is still not relevant to the period through the ALJ's decision dated January 25, 2013. *See, e.g., Wilson v. Apfel*, 179 F. 3d 1276, 1279 (11th Cir. 1999). Plaintiff has failed to demonstrate that this opinion is chronologically relevant. Accordingly, the Court does not find it appropriate to remand this case pursuant to sentence six.

### III.    Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 16, 2016.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties